**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MOLLIE KING, et al., individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | Case No. 92 C 1564 |
| v. | ) | Honorable Judge Thomas M. Durkin |
| ANN PATLA, Director, Illinois Department of Public Aid, et al., | ) | |
| Defendants. | ) | |

**AGREED ORDER**

This case is before the Court on Plaintiffs' pending Motion to Enforce Consent Decree, and on the parties' Joint Motion to Approve this Agreed Order. The parties have advised the Court of the following:

1. The State of Illinois has not yet passed a budget for the State Fiscal Year beginning on July 1, 2016 (the "FY 2017 budget").

2. Defendant acknowledges that it must continue to comply with the requirements and standards set forth in the Consent Decree entered on January 5, 2000.

3. For State fiscal year 2017 ("FY 2017"), Defendant has negotiated intergovernmental agreements with the Cook County State's Attorney's Office, the Office of the Clerk of the Circuit Court of Cook County, and the Cook County Sheriff's Office (collectively, the "Cook County Entities") to provide child support enforcement services. The intergovernmental agreements with the Cook County Entities negotiated for FY 2017 contain provisions that require payment by the Illinois Comptroller for services performed under the agreements. The

Cook County Board of Commissioners' approval of the Cook County contracts is contingent upon the entry of an order by this Court requiring the Illinois Comptroller to pay for services rendered under the Cook County Entities' intergovernmental agreements in Illinois FY 2017.

4. In Illinois FY 2016 and previously, the Defendant has also contracted with the Office of the Chief Judge of Cook County Circuit Court to provide services in the Title IV-D program. Defendant has not yet concluded negotiations with the Office of the Chief Judge and may or may not enter into an intergovernmental agreement for Illinois FY 2017.

5. Defendant has maintained, and continues to maintain that (i) it has been fully compliant with the Consent Decree; and (ii) entry into the intergovernmental agreements with the Cook County Entities is not required under the Consent Decree and Defendant could remain compliant with the Consent Decree even absent intergovernmental agreements with the Cook County Entities. Defendant denies the allegations and arguments raised in the Plaintiffs' Motion to Enforce Consent Decree and denies that the intergovernmental agreements addressed in this order relate to Defendant's compliance with the Consent Decree entered on January 5, 2000. The Defendant reserves her right to object to any future pleading, motion, allegation, or argument that the intergovernmental agreements addressed in this or any related order are either necessary or related to the Defendant's compliance with the Consent Decree entered on January 5, 2000.

6. In the interest of avoiding further litigation related to payments related to the FY 2017 intergovernmental agreements with the County Entities in the absence of a FY 2017 budget, the parties agree to the following order.

IT IS HEREBY ORDERED THAT:

1. For Illinois FY 2017, Defendant shall process and the Illinois Comptroller shall pay for services performed by the Cook County State's Attorney's Office, the Office of the Clerk of the Circuit Court of Cook County and the Cook County Sheriff's Office within 90 days of presentment of monthly billing and expenditure reports for reimbursement, notwithstanding the absence of any State of Illinois appropriation, or any language to the contrary contained or incorporated by reference in the FY 2017 intergovernmental agreements.

2. If the Defendant enters into an intergovernmental agreement with the Office of the Chief Judge of the Circuit Court of Cook County to perform Title IV-D services for all or part of Illinois FY 2017, Defendant shall process and the Illinois Comptroller shall pay for services performed by the Chief Judge of the Circuit Court of Cook County within 90 days of presentment of monthly billing and expenditure reports for reimbursement, notwithstanding the absence of any State of Illinois appropriation, or any language to the contrary contained or incorporated by reference in the FY 2017 intergovernmental agreements.

3. Defendant's obligations contained in Paragraphs one and two of this Order are contingent upon (i) the Cook County Board of Commissioners' approval of the negotiated FY 2017 intergovernmental agreements between the Defendant and the Cook County State's Attorney's, the Office of the Clerk of the Circuit Court of Cook County, and the Cook County Sheriff's Office and (ii) the full authorization and execution of those agreements by the parties.

4. This Order in no way shall affect or act to prejudice the rights of the Office of the Chief Judge of the Circuit Court of Cook County, Cook County State's Attorney's Office, the Office of the Clerk of the Circuit Court of Cook County and the Cook County Sheriff's Office

regarding payment for services rendered to and on behalf of the Defendant for State fiscal year 2016.

5. This agreed order shall remain in effect until the expiration or termination of any FY 2017 intergovernmental agreement with a Cook County Entity or until further order of this Court.

6. The parties shall negotiate and submit to the court a supplemental agreed order on or before June 14, 2016, concerning Defendant's reporting obligations with regard to implementation of the new intergovernmental agreements for Illinois FY 2017 with the Cook County Entities and the Office of the Chief Judge of the Cook County Circuit Court.

7. Nothing in this Agreed Order shall inhibit or eliminate the right of Plaintiffs to seek relief from the Court pursuant to a motion to prevent or redress violations of the Consent Decree.

SO ORDERED.

Judge Thomas Durkin
Date: June 7, 2016

APPROVED:

FOR THE PLAINTIFFS

John M. Bouman
Sargent Shriver National Center
on Poverty Law
50 E. Washington St., Suite 500
Chicago, IL 60604
(312) 549-9877

FOR THE DEFENDANTS

Gary S. Caplan
Assistant Attorney General
Office of the Attorney General,
State of Illinois
100 West Randolph Street, 12th Fl.
Chicago, IL 60601
(312) 814-5661